Curtis, J. (at special term).
This action is brought to restrain the performance of a play called “ Charity; ” also for an accounting of profits, and for twenty thousand dollars damages. December 19, 1873, the plaintiff deposited in the copyright office at Washington the title of a play called “Charity,” and copyrighted such dramatic composition. In January following, the defendant purchased the exclusive right, *512 as he alleges, to possess and use manuscript copies of an entirely different play by William S. Gilbert, Esq., also called “ Charity,” the latter then being played at The Haymarket, London.
The defendant in February following prepared it for performance, and on the 27th of that month advertised it for a public representation on March 3, the day subsequent to the hearing of this motion for an injunction.
It is objected that the action should have commenced in the federal courts. This court has long exercised a jurisdiction to protect literary property, and the act of congress in 1870, conferring jurisdiction in this class of suits, upon the federal courts, appears to afford an additional remedy, without affecting the pre-existing jurisdiction in respect to the rights the plaintiff has in the play, and which exist at common law, independently of all statutes (Palmer v. De Witt, 47 N. Y. 532).
The other question as to whether the defendant should be enjoined from performing the play under the name of “Charity,” is not free from difficulty. The affidavits fail to satisfy me that the plaintiff would be injured on the ground claimed by him, that Mr. Gilbert’s play has been unfavorably received and criticised, when played. It is not alleged that there has been any bad faith on either side. The complication appears to be purely accidental. Should the dramatic performance be enjoined because the word “ Charity ” is the title of each? No question exists as to any imitation or similitude in Mr. Gilbert’s play.
It is simply to be considered whether the use of the word “Charity” in Mr. Isaac’s play fora title, and his copyrighting the play, give him the exclusive use of that word as a title in the public performance of plays. Charity is a virtue that has been symbolized and portrayed in every stage and department of art for all ages.
Would it be just that an engraver who has copy *513 righted a design that he entitles “ Charity,” should restrain another engraver from vending to the public a different design, which the latter also designates as “Charity,” both being works of art symbolizing the same virtue, but differing in plan and execution % If this question is answered in the affirmative, the same principle might be invoked by a publisher, who has copyrighted a sermon called “Charity by—--,” to enjoin the sale by another publisher of a sermon utterly different in composition, also called “Charity,” written by some other person.
The law favors literature and art, and while it seeks to protect all in the enjoyment of their property and their rights, it does not limit and abridge the field of occupation and enterprise. The use of the word “Charity” as a designation for any work of art or literature can not ordinarily be monopolized by any one- person- There may be occasions when a title is made use of in bad faith, or to promote some imposition, or to inflict a wrong, when a court of justice should interfere to prevent its use, or to compensate a party who has in consequence sustained an injury. But the present case does not appear to be one where the court is called .upon to interfere for any of these reasons.
Both parties having acted in good faith, it would be inequitable to subject the defendant to loss, who has prepared for representation and advertised Mr. Gilbert’s play, under the name of “ Charity.” Nothing is shown by which it appears that the plaintiff would sustain loss by changing the name of his play, if he desired to do so, and I do not ffnd any case where the court has granted a plaintiff under the circumstances appearing in the papers, the relief he seeks by the present application.
The motion for an injunction must be denied, with costs.